UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMIE DAVIS, ET AL                           CIVIL ACTION NO. 18-cv-0254

VERSUS                                       JUDGE FOOTE

GIBRALTAR INDUSTRIES, INC., ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The Davis family filed this personal injury suit in state court. Defendants removed it based on an assertion of diversity jurisdiction, which puts the burden on Defendants to set forth facts that show there is complete diversity of citizenship. The notice of removal does not contain adequate facts to meet that burden. Defendants will be allowed until **March 21, 2018** to file an amended notice of removal and attempt to meet their burden by setting forth the citizenship of the defendants in accordance with the rules explained below.

The notice of removal appears to adequately allege the citizenship of the individual plaintiffs and defendants. It also appears to properly allege the citizenship of Gibraltar and Arch, both of which are said to be corporations. Where the notice falls short is with respect to defendants Element and the D. L. Peterson Trust.

Element is described as a limited liability company organized under the laws of Maryland. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of

every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The D. L. Peterson Trust is described as a Delaware statutory trust with its principal place of business in Maryland. Additional allegations are needed, and those allegations will depend on the nature of the trust. Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016) (for a business-type trust that is a separate unincorporated legal entity, diversity jurisdiction depends on the citizenship of all of its members, but for a traditional trust only the citizenship of the trustee is relevant); Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 n. 6 (5th Cir.2009) (the "citizenship of a trust is that of its trustee"); and Wetz v. PNC Mortgage, 2016 WL 7443286 (N.D. Tex. 2016) (applying Americold).

The court will review the record after the deadline for filing the amended notice of removal and determine whether Defendants have met their burden of establishing subject-matter jurisdiction. If they have done so, and after all defendants have filed an answer, the court will set a scheduling conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge